**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIN ZISER,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO.** |
| **v.** | : | |
| | : | |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA,** | : | |
| | : | |
| **Defendant.** | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, ERIN ZISER, by and through her attorney, Linda M. Lopez, Esq. of the Law Offices of Eric A. Shore, P.C., as and for her Complaint against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, hereby avers as follows:

## PARTIES

1. Plaintiff, ERIN ZISER (hereinafter "Plaintiff"), was and still is a citizen of Pennsylvania, residing at 306A Bishop Avenue, Hawley, Pennsylvania 18428.

2. Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "Defendant"), has offices located at 1601 Chestnut Street, Philadelphia, Pennsylvania 19192.

## JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §

1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Middle District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Middle District of Pennsylvania.

**FACTS**

6. At all times hereinafter mentioned, Plaintiff was employed as a Program Specialist for Devereux Advanced Behavioral Health, and at all times was a participant and/or beneficiary under the Long Term Disability ("LTD") plan.

7. Plaintiff had a strong work history working for Devereux Advanced Behavioral Health prior to filing for LTD insurance benefits.

8. The LTD plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

9. At all times material herein, Defendant made and/or participated in making all benefits decisions under the LTD plan.

10. During Plaintiff's employment with Devereux Advanced Behavioral Health, Defendant issued a long term group disability income policy (hereinafter the "Policy").

11. At all times hereinafter mentioned, said Policy of insurance was issued for the benefit of certain eligible employees in exchange for the payment of premiums by Devereux Advanced Behavioral Health and/or its employees.

12. At all times mentioned herein, Plaintiff was and is an employee eligible for long term disability benefits as an insured under the Policy.

13. Said Policy provided, among other things, that disability insurance benefit payments will be made to Plaintiff in the event that she becomes disabled as a result of injury or sickness. Under the Policy, "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: 1. unable to perform the material duties of his or her Regular Occupation; and 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation."

14. Plaintiff stopped working on or about January 27, 2021.

15. Plaintiff applied for LTD benefits.

16. By letter dated July 29, 2021, Defendant notified Plaintiff that her claim for LTD benefits was denied.

17. Plaintiff submitted a timely written appeal of that adverse determination.

18. On November 17, 2021, Defendant issued a final administrative denial of Plaintiff's claim for LTD benefits alleging that the medical documentation did not support her claim of disability.

19. As of January 28, 2021, Plaintiff's LTD coverage was in full force and effect and Plaintiff was an eligible employee.

20. Beginning January 28, 2021, Plaintiff was disabled within the meaning and pursuant to the terms of the Policy as she was unable to perform, on a sustained basis, either her own or any reasonable occupation, as that term is defined in the subject Policy.

21. Plaintiff's disability was caused by complications, impairments and symptoms from postpartum depression, dehiscence of cesarean section wound, heavy menstrual bleeding,

irregular bleeding, anxiety disorder, depression, and history of suicidal ideation, with resultant symptoms of chronic pain, depressed mood, anxious thoughts, brain fog, issues with memory and concentration, lack of motivation, irritability, recurrent flashbacks, crying spells, low energy, chronic fatigue, loss of interest, sleep disturbance, binge eating, shortness of breath, increased heart rate, chest tightness, recurrent diarrhea, muscle aches, and muscle tenderness.

22. Plaintiff cooperated with the Defendant in all respects, provided proper proof of loss in support of her claim, and otherwise complied with the terms and conditions of the Policy regarding the filing and maintenance of the claim.

23. Pursuant to the Policy, Defendant has been obligated to pay periodic payment of monthly long term disability benefits to Plaintiff beginning January 28, 2021.

24. Despite Plaintiff's total disability, Defendant has denied all LTD insurance benefit payments to Plaintiff, and continues to refuse to pay said benefits pursuant to the Policy, although payment thereof has been duly demanded.

25. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

26. Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that she was unable to work beginning January 28, 2021, due to her disabling conditions and complications from her impairments and medical conditions.

27. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of fiduciary duty.

28. Defendant's unreasonable and unsupported denial of Plaintiff's disability insurance benefits is evidenced by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental

conditions and limitations on her ability to perform all of the essential duties of her regular occupation or any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

29. Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

30. Defendant's claim handling failed to provide Plaintiff with a full and fair review of her claim.

31. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of her claim.

32. Plaintiff has attempted to exhaust and/or has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

33. By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of her claim pursuant to 29 C.F.R. § 2560.503(1).

34. Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

35. Defendant willfully failed to comply with ERISA regulations.

36. Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

37. Plaintiff is entitled to receive the total lifetime benefit of the plan discounted to present value, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

38. Plaintiff is entitled to receive, in addition to the benefits due under the plan of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff, Erin Ziser, demands judgment in her favor and against Defendant together for:

A. Payment of all benefits in arrears due and owing since the denial of benefits, plus interest;

B. The total lifetime benefit under the plan discounted to present value;

C. Attorneys' fees and costs of suit;

D. Interest and delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

By: [signature]

Linda M. Lopez, Esq.
Attorney I.D. No. 203391
LAW OFFICES OF ERIC A. SHORE, P.C.
1500 John F. Kennedy Blvd, Suite 1240
Philadelphia, PA 19102
(215) 627-9999
*Attorney for Plaintiff, Erin Ziser*

Date: 1/3/2023